James **BLOUNT**

v.

**PARISH LINE RAILWAYS, Inc.**

**Civ. A. No. 5861.**

United States District Court
W. D. Louisiana,
Lake Charles Division.

March 19, 1957.

John P. Navarre, Oberlin, La., for plaintiff.

S. W. Plauche, Jr., Lake Charles, for defendant.

HUNTER, District Judge.

This cause came on for hearing and trial on defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted, and which motion was converted by defendant into a motion for summary judgment; the defendant having timely served upon plaintiff's counsel a memorandum of law and of the proposed evidence which would be introduced in support of defendant's motion; evidence having been adduced, taken up

and closed; and the Court, having heard the evidence and having considered the argument of the parties, finds the facts and states the conclusions of law as follows:

### Findings of Fact

1. Defendant is a Louisiana corporation and was organized by the owners of Witte Gravel Company in August, 1952, primarily to handle the transportation of Witte Gravel Company's sand and gravel to destinations within the State of Louisiana.

2. Defendant, since its organization, has hauled sand and gravel only for Witte Gravel Company and Gifford-Hill and Company, Inc., with the largest majority of its shipments being for Witte Gravel Company.

3. Gifford-Hill and Company, Inc., occasionally has shipped said materials to destinations outside the State of Louisiana, but defendant has not handled such shipments, and Gifford-Hill and Company, Inc., transports such interstate shipments by truck to Stanley Siding on the Missouri Pacific Railroad Company main line.

4. The rail line of defendant is approximately 6.3 miles in length and extends from the gravel pit of Witte Gravel Company at Indian Village, Louisiana, to Fontenot, Louisiana, which is on the main line of the Missouri Pacific Railroad Company, and the line of defendant follows the parish line between Allen and Jefferson Davis Parishes, and at no point does the said line cross any state line, the line being located entirely within the State of Louisiana.

5. Defendant is not engaging and has never engaged in the transportation of any goods, materials or commodities outside of the State of Louisiana, and has never made or participated in a single shipment or transportation service outside of the State of Louisiana.

6. No incoming shipments of goods, materials or commodities have ever been transported over defendant's line from outside the State of Louisiana.

7. The management of defendant has consciously and deliberately avoided engaging in any transportation service or commerce outside of the State of Louisiana, which policy was dictated, in part, by the fact that the economics of the sand and gravel business would make such interstate transportation unfeasible.

8. On the only occasion when defendant was requested to participate in a shipment of materials outside of the State of Louisiana, defendant declined to render such transportation service.

9. Defendant has never received any authority from the interstate Commerce Commission to engage in interstate or foreign commerce, and defendant has never applied for such authority.

10. Defendant has been recognized officially by the Louisiana Public Service Commission as an intrastate common carrier in the State of Louisiana.

11. Sand and gravel, which are the sole commodities which have been shipped over defendant's line, travel over defendant's line from the gravel pits of either Witte Gravel Company or Gifford-Hill and Company, Inc., Indian Village, Louisiana, to Fontenot, Louisiana, where the commodities are then transported by the Missouri Pacific Railroad Company to places in the State of Louisiana as their final destination.

12. The injuries forming the basis of this suit were sustained, or claimed to have been sustained, by plaintiff on October 11, 1955, at which time plaintiff was a track laborer for defendant, employed in working on defendant's said rail line.

### Conclusions of Law

1. The Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., is inapplicable to defendant, and its provisions do not extend to plaintiff.

2. Defendant is not engaging and has never engaged in interstate or foreign commerce as those terms are used

and defined in the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

3. No part of plaintiff's duties as employee of defendant was in furtherance of interstate or foreign commerce, and none of plaintiff's said duties directly, or closely and substantially, affected such commerce.

4. No genuine issue exists as to any material fact, and defendant, as the moving party, is entitled to judgment as a matter of law.

5. Plaintiff's complaint against defendant must be dismissed.

It is so ordered, and counsel for defendant will submit appropriate judgment in accordance herewith.